GEORGE HAIL *v.* ESEK SPENCER.

*Held,* under the plea, " that the cause of action did not accrue to the plaintiff at any time within six years next before the commencement of the plaintiff's action," that the issuing of the writ is the commencement of the action.

THE facts in this case are fully set forth in the opinion of the court.

*Smith,* for the plaintiff.
*Hall* and *A. C. Green,* for the defendant.

By the COURT. This is an action of assumpsit, in which the plaintiff declared on a note, dated 31st day of October, 1828, for the sum of four hundred and seventy dollars, on demand, with interest; and also on a book account, commencing November 1st, of the same year, for eighty-seven dollars, sixteen cents. The writ bears date the 27th day of September, 1834, and the defendant answers by pleading the statute of limitations, in various forms, to the note, and by the general issue.

The case was called for trial at the March term, and submitted to the court on the following agreed statement of facts:

The note declared on is dated October 31, 1828, and signed by Esek Spencer. The writ, dated October 27, 1834, is admitted to have been sent to the officer for service, a day or two before the 31st October, 1834, but it is not admitted that the officer received the writ before the day of service. The defendant filed and entered his petition, (for the benefit of

2*

the insolvent act,) as proved by certificate, the 20th day of February, 1829. And it is admitted that a debt of about five hundred dollars is set down in his statement of debts thereto annexed, as due to the plaintiff, and that the defendant was not indebted to the plaintiff otherwise than by the claim sued for in this action. If judgment is rendered for the plaintiff, execution is to issue against the goods and chattels of the defendant only; he having obtained the benefit of the insolvent act: and, it is further agreed, that the court, on the above statement of facts, should decide what judgment should be rendered.

The case was briefly remarked on in writing, by *Smith,* for the plaintiff, and *A. C. Greene,* for the defendant, and continued for the Court's opinion.

This 'case presents two questions; first, was the action commenced within the six years? If not, has there been a new promise, as to the note, to take it out of the statute? If the first question be decided in the affirmative, it will be unnecessary to go into a consideration of the second.

Our act of limitations seems to be not materially different from the English statute, adopted as early as the reign of James I. And it seems to be reasonable to conclude that the English construction was perfectly understood by our legislature. 'If, therefore, the language of both statutes is substantially the same, our legislature must have used the language with a view to the meaning given to it by English courts. In fact the principles of the decisions of those courts have been uniformly recognized in ours, as truly expounding the meaning of the act. If the issuing of the English *capias* be considered in the common pleas, then, the commencement of the suit, (and it in fact is in all cases where an outlawry is not contemplated,) there can be no good reason why the issuing of our writ of arrest, or original sum-

mons, (which takes the place of the arrest,) should not, on like principles, be deemed the commencement of the suit. The writ of arrest is nothing more than the English *capias*, naturalized here, or accommodated to our institutions. Now it is admitted that the writ, in this case, was issued prior to the expiration of the six years, and, unless the actual receipt of the service of it, by the officer, be necessary to constitute the commencement of the action, it was commenced within the six years. In the ordinary acceptation of terms, the action is certainly commenced when the writ is issued, but to answer the intent of the statute, is something more than this required? If more, what is it? Is it the service of the writ? If so, it is the sheriff who commences the suit, and not the plaintiff. And the ability of the sheriff to make the service, may depend on a thousand circumstances, over which neither he nor the plaintiff may have any control; nay, even on the will of the debtor himself, as his absence from the county. We cannot suppose that the legislature, in any event, intended to make a man's rights dependent on such contingencies.

Is it the receipt of the writ by the sheriff that is required in order to constitute the commencement of an action? If so, its commencement may still depend on contingencies wholly independent of the plaintiff, as the sheriff's occasional absence, his sickness, or his want of official qualifications. But at any rate, why should the receipt of it by the sheriff be required. As long as the defendant is untouched by the precept, of what consequence is it to him, whether it be in the hands of the plaintiff or of the sheriff? How can his liability be affected by this or that event? The truth is, that in contemplation of law, the writ is issued on the application of the creditor, by the sovereign power of the state, through the instrumentality of its officers. It is the state's precept or command, and is issued and the action commenced, when-

ever it is in the hands of the plaintiff, or his attorney, ready to fulfil its purpose. In this view the commencement of the action depends wholly on the will, or the diligence of the plaintiff. If he loses his right, it is wholly the result of his neglect. It should, however, be followed up by such acts as show that it is a real and not a pretended commencement of a suit. For if there be an unusual lapse of time between the day of the date of the writ, and that of its delivery to the sheriff, and wholly unexplained, it might raise a presumption against the correctness of the date, which would force on the plaintiff the necessity of proving its correctness.

We have been unable to ascertain, that in any state, with the exception of Connecticut, the service of the writ is considered the commencement of the action. It is believed, that all other states consider the issuing of the writ as the commencement of the suit. And, in fact, in the case cited from 4 Conn. R. 151, the court seems to build its decision rather on the received opinion, or established practice of that state, than on any judicial decisions, English or American. It indeed considers a decision in Massachusetts, that a writ may be altered at any time before its service, as recognizing the service as the commencement of the suit. Nobody can doubt the right of the plaintiff to alter his writ, or, in other words, to make a new one of it, at any time before service; but the true date of the writ would then be the day of its alteration, which, if necessary, might be proved. But at any rate, the inference in this case was wrong. The service of the writ is not considered in Massachusetts the commencement of the action. Dane takes it for granted that the suit is commenced when the writ is issued. (Digest, v. 1, chap. 29, A. 7, § 3.) And in *Ford* v. *Phillips*, (1 Pick. 202) the making and not the service of the writ, is considered the commencement of the suit.

Since, therefore, the writ in this case was issued within the six years, and since the issuing of the writ appears to me to have been the commencement of this suit, I do not see the propriety of going into a very wide estimate of the plaintiff's further diligence. The law bars his action after the six years, and it seems to me to give him the benefit of the whole of that time, without imposing upon him the necessity of making calculations as to contingencies arising from circumstances over which he has no control.

"The statute did not intend to bar," says Lord Mansfield, "unless the party had acquiesced six years, but he who sued out a *latitat* to bring the defendant into custody, did not acquiesce, within the true meaning of the act." *Johnson* v. *Smith*, (2 Burr. 961.)

Let judgment be entered for the plaintiff, for the principal and interest of the note, together with the amount of the account and costs. Execution to issue against defendant's goods and chattels only.