SAMUEL DUNN *v.* SAMUEL BALL ET UX.

Where the writ served in a cause has not been returned into Court, the Court have no jurisdiction over the cause, and cannot give the defendant who has answered the suit judgment for costs.

THIS was an action of trespass.   The writ issued from the Court of Common Pleas for the May Term, 1852, and was served on the defendants, but never returned into Court.   At the May Term the declaration was duly filed, together with a copy of the writ, certified by the officer who served the same, to be a true copy of the writ which had been served, and the entry fee was paid. The defendants appeared, and had leave to answer, on the second day of the term, under an order that the pleas should be filed within ninety days, and the case was continued upon the plaintiff's affidavit.   At the November Term the case was assigned for trial, and it was then suggested by the plaintiff that it could not be tried, because the writ had never been returned into the Court. The Court ordered the cause to be dismissed ; and, thereupon, the counsel for the defendants moved for judgment

for costs, and the Court overruled the motion, because, the action not having been regularly entered, the Court had no jurisdiction to render any judgment on the same. The defendants, having excepted to this ruling, now asked this Court that judgment might be entered for their costs in the cause, But the Court, after hearing the counsel for the parties, overruled the exceptions, and sustained the ruling of the Court below.

*Hayes*, for the plaintiff.

*Turner* and *Sheffield*, for the defendant.