ADOLPH HIRSCH *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

OCTOBER 30, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is a petition for a writ of *certiorari* directed to the zoning board of review of the city of Pawtucket. The petitioner prays that this court reverse the decision of said board sustaining the appeal of Frank Dietz from an order of the building inspector of said city, which suspended the building of a garage in the rear of lot numbered 311 on assessor's plat number 11, at the southeasterly corner of York and Hughes avenues in said city and belonging to said Dietz and his wife.

It appears that on April 13, 1936, a permit was issued by the building inspector to Dietz for the erection of a two-stall brick garage on this lot in accordance with plans and specifications satisfactory to the building inspector and in conformity with the building ordinances of the city. Acting on this permit, Dietz removed a steel garage already standing on the lot in practically the exact location proposed for the new garage. After the steel garage had been removed and the concrete foundation for the new garage had been poured, the building inspector, on April 21, 1936, suspended the permit. On May 5, 1936, Alphonsine Dietz, wife of said Dietz and co-owner with him of the lot in question, filed an appeal with the zoning board of review from the order of the inspector. After notice of this appeal had been published in the newspaper on May 16, 1936, the board held a hearing on the appeal on May 20, 1936.

The petitioner here appeared at this hearing by his attorney and objected to the erection of the garage on the ground that, under section 9 A, sub-section (7) of the zoning ordinance of the city of Pawtucket, a "practical difficulty" was presented by the application to build the garage at the place indicated on the Dietz lot. After consideration of the matter on all the evidence before it and on the objections of petitioner's counsel, the board found that the section of the ordinance, above referred to, had no

application to the question before it, and sustained the appeal.

The petitioner now comes to this court and alleges as grounds for issuance of the writ, first, that the decision of the board is erroneous in point of law, and second, that the board was without jurisdiction to hear the appeal and affect the petitioner's rights, because the board had not given to him "due notice" of the hearing as required by public laws 1923, chapter 430, sec. 2.

The first ground cannot be maintained. Section 9 A, sub-section 7 of the zoning ordinance specifically requires that a garage must be located in the rear of the lot, but permits an exception to be made where there is a "practical difficulty" which makes it impossible to build a garage there. But it imposes certain definite restrictions on the building of the garage if it is not built in the rear of the lot. This is clear from the plain language of the section, as follows: "Location of Garage. A garage shall be placed in the rear of the lot on which it is located but if because of practical difficulty it is impossible to build such garage in the rear of such lot it must comply with the following restrictions, viz.:

"On a corner lot it may not be placed within twenty feet of any street line and if located within fifty feet of any street line no part of such building shall be within ten feet of the shorter lot line. On an interior lot it may not be placed within thirty feet of any street line and if located within fifty feet of any street line no part of such building shall be within ten feet of any side lot line."

It is difficult indeed to bring this particular case within the purview of that section. In the first instance, there is no practical difficulty such as to make it impossible to build this garage on the rear of the Dietz lot. Indeed, Dietz is building it there and in the approximate place where a garage long had stood. We think the petitioner completely misunderstands the purport of this section of the ordinance. Its object is not to furnish a reason for an

adjacent landowner to object to the building of a garage in the rear of his neighbor's lot, but too close to his own lot, thereby impairing the enjoyment of his land, as alleged in this petition. The end sought by the section referred to is the location of a garage in the rear of a lot subject only to the exception that, where there is a "practical difficulty" which makes it impossible to build a garage in the rear, it may be built elsewhere, subject to certain specified restrictions.

The "practical difficulty," making it impossible to build a garage in the rear of the lot, is for the applicant for the permit to show if he desires to build elsewhere. Other parties in interest may in such a case show, if they can, that there is no such practical difficulty and may insist that the applicant for the permit be compelled to confine the building of his garage to the rear of his lot in accordance with the mandate of the ordinance. Here, as the zoning board rightly found, there is no room for the application of this section of the ordinance. The applicant desires to build his garage in the rear of his lot in accordance with the mandate of the ordinance.

We are not disposed to dwell at length on the petitioner's second ground. He appeared with counsel at the hearing before the board and availed himself of the full opportunity accorded to him to show cause, if any, why the applicant for the permit should not prevail. He did not object to the failure of notice, and he did not claim then—nor does he claim now—that failure to receive personal notice of the hearing prejudiced him in presenting his objections to the issuance of the permit. Under the circumstances, such an appearance must be taken to be a waiver of any personal notice to which he may have been entitled.

The petitioner contends that personal notice to him is required by the following language of public laws 1923, chapter 430, sec. 2: "The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest,

and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney." We do not undertake to decide this question here, as it is not necessary to do so in our view of the effect of the actual appearance of the petitioner at the hearing before the zoning board of review. It is sufficient to say that such notice as may be required under that section may be waived by the party or parties in interest, and that it was waived in this instance.

The findings of the respondent board are correct and its decision is affirmed. The petition for a writ of *certiorari* is denied and dismissed and the papers in the case are ordered remitted to the respondent board.

*Raymond D. Brennan*, for petitioner.
*Woolley & Blais*, for respondents.