INDUSTRIAL TRUST COMPANY *vs.* WILLIAM RABINOWITZ *et al.*

MAY 16, 1940.

PRESENT: Moss, Capotosto and Baker, JJ.

BAKER, J.  This action of assumpsit is before this court on the defendants' exception to the granting by a justice of the superior court of the plaintiff's motion for summary judgment against them under the provisions of public laws 1929, chapter 1343, section 1 (now G. L. 1938, ch. 524, § 1).

The case was begun by writ of attachment issued out of the superior court, under which writ real estate of the defendants in Providence and in Barrington in this state was allegedly attached.  In this writ the defendants were described as residents of Barrington, but no personal service in any form was made upon them in this case.  The writ in question and the plaintiff's declaration were duly entered in the superior court on the return-day, March 10, 1939.  Attached to the writ was an affidavit by an officer of the plaintiff corporation setting out the amount due on the promissory note sued on, and stating that in his opinion there was no defense to the action.  On the same date the plaintiff filed a motion for summary judgment, which motion was later granted on March 25, 1939, no affidavit of defense having been filed.

On March 18, 1939, however, there was filed in the case, on behalf of the defendants, a paper entitled "Entry of Special Appearance."  In this, following a general statement that the right to claim lack of jurisdiction over the persons of the defendants, and over any of their property other than that which had been attached, was being reserved, the following language was used:  "I, the undersigned hereby appear specially for the said defendants, for the sole purpose of (1) attacking the jurisdiction of this Honorable Court

to grant a motion for summary judgment, inasmuch as this Honorable Court has not obtained jurisdiction over said defendants; (2) protecting the rights of the said defendants in and to such property as may be under attachment, and over which the court may have obtained jurisdiction; (3) claiming a right to trial by jury in contesting the claim of the plaintiff, insofar as the same may affect the property of the defendants over which this Honorable Court may have jurisdiction by virtue of said property having been placed under attachment."

The first question raised is whether this entry of appearance is special, as the defendants contend, or general, as is claimed by the plaintiff. It is well settled that if the appearance is general, the defendants have submitted themselves to the jurisdiction of the court for all purposes; that such jurisdiction is conferred over their persons, and any failure to serve them becomes immaterial. It is likewise generally held that an entry of appearance for any purpose other than to attack the jurisdiction of the court subjects the defendants to its jurisdiction. Restatement of Conflict of Laws, § 82, comment b; 6 C. J. S., 42, § 13, 47, §17. See *Greene* v. *Austin*, 10 R. I. 311. If an entry of appearance is not so limited, but other matters relating to the merits of the cause itself are included therein, then the appearance becomes general, even though by its terms it is described as special, and any attempted reservation of rights thereunder is ineffectual. The substance, not the form is controlling. 6 C. J. S., 7, § 1 (b), 9, § 1 (c).

An examination of the so-called entry of special appearance filed in the instant case leads us to the conclusion that, regardless of some of the language used, the evident purpose of and the object sought by such entry of appearance constitutes it a general, rather than a special appearance. In it the defendants apparently do not question the validity of the attachments. Further, the entry of appearance, in

our judgment, is not limited merely to a consideration of the question of jurisdiction, but contains statements consistent with the position that the court has jurisdiction of the cause and over the defendants' persons.

In our opinion this is clearly shown by an examination of the clauses numbered (2) and (3). These, when read together, show that the defendants, who are described as residents of this state, which description has not been controverted herein, seek to appear specially for the purpose of trying to a jury the merits of their case, but only in so far as their property under attachment is affected, and without submitting themselves to the jurisdiction of the court. In our judgment, they cannot do this by a special appearance, under the circumstances appearing in the present record. It has been ordinarily held that if a party claims a jury trial, he is in substance invoking the jurisdiction of the court and participating in the proceedings, and, therefore, that such an act on his part amounts to a general appearance in the case. 6 C. J. S., 36, § 12 (k). *Hall* v. *Pearce,* 209 Ala. 397; *State Board Medical Examiners* v. *Giedroyc,* 91 N. J. L. 61; *Audretsch* v. *Hurst,* 126 Mich. 301.

The defendants rely strongly on the cases of *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14, and *Salmon Falls Mfg. Co.* v. *Midland Tire & Rubber Co.,* 285 Fed. 214, to support their contention that the appearance herein is special and not general. It appears, however, that these cases are clearly distinguishable from the instant case in that they deal with the rights of nonresident defendants, whereas in the present proceeding the defendants, according to the record before us, are residents of this state. The cases in question hold, in substance, that a nonresident defendant, not personally served with process, may, if he so expressly states, appear specially in a foreign jurisdiction for the sole purpose of protecting his rights in his property, which has been there attached. Thus, by limiting the case to one in

*rem,* he may contest the plaintiff's claim on the merits to the extent of the defendant's rights in the property involved, without making a general appearance and without subjecting his person to the jurisdiction of the foreign court so that a personal judgment could be entered against him.

The decision in *Cheshire National Bank* v. *Jaynes, supra,* rests chiefly upon the ground that it would be unjust to require a nonresident defendant to surrender himself wholly to the jurisdiction of the court of a foreign state so that he might be in a position to defend his property which has there been attached. In that connection the court points out in the following language, at page 15 of the opinion, the nature of a judgment entered under such circumstances: "It has been determined that a valid personal judgment cannot be rendered against a non-resident defendant who is not served with process within the State and who does not appear. When property of a non-resident defendant is attached within the State, valid judgment may be entered, enforceable against such property, but possessing no further validity unless such non-resident defendant is served personally with process within the State, or appears." In support of this statement of law the court cites, among other cases, *Pennoyer* v. *Neff,* 95 U. S. 714.

In regard to the scope of a judgment entered in such a case the Massachusetts court used the following language at page 18 of its opinion: "The bar of whatever judgment may be rendered, where a non-resident defendant appears specially merely for the purpose of protecting his interest in attached property, extends no further against the plaintiff than it does against the defendant. It relates only to the property of the defendant held under effectual attachment. The record of the judgment and the form of the execution when rendered against the defendant explicitly show this. It runs only against the property so attached, and not otherwise."

The case of *Salmon Falls Mfg. Co.* v. *Midland Tire & Rubber Co., supra,* follows the same general line of reasoning as appears in *Cheshire National Bank* v. *Jaynes, supra.* We do not believe that this reasoning applies with equal force in the instant case, where the defendants are residents of this state; and we find that the two above-cited cases are readily distinguishable from the case at bar.

The defendants have also called to our attention the decision of this court in *Kevorko* v. *Vaitkunas,* 54 R. I. 8. There it appeared that a defendant filed a proper plea to the jurisdiction of the court over his person, but filed it on the same document with, and ahead of, an entry of general appearance. The court considered the document as a whole and in view of the nature of the plea held as follows on page 10: "Defendant, by entering appearance on the same document with the plea to the jurisdiction and filing both at the same time, clearly expressed intention not to waive the right to plead to the jurisdiction."

In our opinion that case, in view of the different situation presented therein, is not authority in support of the defendants' position in the present case. Here the question relates to the construction to be placed upon an entry of appearance, whether it is general or special. In the *Kevorko* case, however, the court had to determine which one of two distinct and separate entries on the same document should be held as controlling.

Upon consideration, therefore, we decide that the entry of appearance by the defendants in the instant case was general and not special, and that by so appearing they submitted themselves for all purposes to the jurisdiction of the superior court. Such being the case, and as there was nothing before that court to indicate that the defendants had in reality a defense to the merits of the plaintiff's action, in the circumstances as they then existed, it was not

error for the justice of that court to grant the plaintiff's motion for summary judgment.

In view of this holding, it becomes unnecessary for us to pass upon other matters briefed and argued.

The defendants' exception is overruled and the case is remitted to the superior court for further proceedings.

*Andrew P. Quinn, Richard F. Canning,* for plaintiff.

*Sidney L. Rabinowitz,* for defendants.