122 A.2d 163 (1956)
MACK CONSTRUCTION COMPANY
v.
QUONSET REAL ESTATE CORPORATION.
Ex. No. 9659.
Supreme Court of Rhode Island.
April 20 as of January 17, 1956.
Corcoran, Foley & Flynn, Francis R. Foley, Pawtucket, for plaintiff.
Michaelson & Stanzler, Milton Stanzler, Providence, for defendant.
CONDON, Justice.
This action of assumpsit was commenced by a writ of attachment dated August 11, 1955 and made returnable to the superior court holden in Providence for the county of Providence on September 7, 1955. After the writ was duly entered it was quashed and dismissed September 16, 1955 on the defendant's motion for the reason that personal service was not made upon the defendant. The plaintiff excepted to such action and has brought the case here by its bill of exceptions solely on that exception.
It appears from the record that the sheriff, pursuant to the mandate of the writ, duly attached defendant's real and personal estate and also its funds in the hands and possession of the Industrial National Bank of Providence, but failed to make personal service on defendant. However, on August 22, 1955 after such attachments had been made and had come to the attention of defendant and before the writ was returned into court, defendant filed a motion for relief from excessive attachment. According to an entry on the file jacket this motion was heard by a justice of the superior court and thereafter an order for partial release of attachment was entered. In accordance with such order all of defendant's property except its funds in the hands and possession of the Industrial National Bank of Providence were released from attachment.
It further appears from the record that defendant did not state in its motion that it was appearing specially nor does it appear elsewhere in the record that any reservation of its rights was made prior to asking for the relief sought by the motion. It is also to be noted that it was the defendant and not the plaintiff who was seeking the court's aid before the return day. The plaintiff contends that in such circumstances the filing of the motion was tantamount to *164 a general appearance and a waiver of personal service of the writ.
The defendant argues that its motion did not involve the merits of the action and that when such motion was filed the action was not before the court. It also argues that a defendant who appears to attack an attachment is, by the weight of authority, deemed to be making a special appearance. In that connection it claims that its motion for partial release was, in effect, an attack upon the attachment.
The plaintiff contends that the authorities are divided. It concedes the weight is as stated by defendant but claims that the rule is usually applied to nonresident defendants and then only when an attack is made upon the validity of the writ. And plaintiff points out that there is a strong minority view which deems any attack, other than one alleging a lack of inherent jurisdiction to try the cause, as an appearance sufficient to confer jurisdiction over the person of the defendant. Both parties cite 55 A.L.R. 1121, Annotation in support of their respective contentions. However, plaintiff claims that defendant's motion for partial release of the attachment is in no sense an attack upon the validity of the writ.
The first question, therefore, for us to decide is whether such motion is in effect an attack upon the validity of the attachment. We are of the opinion that it is not. It is plain from the language of the motion that it predicates the validity of the attachment itself but seeks partial relief from it only because more property is attached thereunder than is reasonably necessary to afford plaintiff security. If defendant intended to attack the validity of the attachment it would not, in our opinion, be seeking partial relief from the court, since a successful attack would operate to release all of its property under the invalid attachment.
The next question is whether the fact that the motion was filed and heard before the return day of the writ precludes a holding that the filing of the motion was a general appearance in the action itself. The defendant contends that it does and relies on Dunn v. Ball, 2 R.I. 450, principally because that case holds that until the original writ is returned into court, the court has no jurisdiction over the cause.
In that case the court was confronted with a single question, namely, could it proceed to hear and determine the cause on its merits where only a certified copy of the original writ was returned with the declaration, the original never having been returned. This raised a question of the court's jurisdiction over the cause itself and only that question was determined. The case did not concern any question of the court's jurisdiction over the person of the defendant. Moreover the defendant there did not set the court proceedings in motion as did the defendant here by voluntarily coming into court and asking for relief and acknowledging that an action had been commenced against it by the service of the process of the court against its property.
There can be no question that such action was commenced when plaintiff issued the writ with the honest intention of having it served. Hail v. Spencer, 1 R.I. 17. After that had been done the jurisdiction of the court attached at least as to any preliminary matters that might arise pending the return of the writ as, for example, a motion such as defendant filed. Whether it would ever have jurisdiction to hear and determine the merits of the cause would of course be dependent upon the due filing of the original writ on the return day.
We think, therefore, that Dunn v. Ball, supra, cannot be considered as a precedent for deciding a question of jurisdiction over the person in such circumstances as the instant case. Inasmuch as it is well settled that by a general appearance a defendant submits himself to the jurisdiction of the court, any failure to serve him with process becomes immaterial. Industrial Trust Co. v. Rabinowitz, 65 R.I. 20, 13 A.2d 259, 129 A.L.R. 1236. Hence the failure to serve defendant personally in the instant case was not such a defect as would justify quashing the writ.
*165 The plaintiff's exception to the order of the superior court quashing the writ on the ground that proper service was not made on the defendant is sustained, such order is reversed, and the case is remitted to the superior court for further proceedings.
CAPOTOSTO and BAKER, JJ., not participating.