269 A.2d 790.
HOWELL CONANT *et al. vs.* SAMUEL D. MOTT *et al.*

OCTOBER 22, 1970.

PRESENT: Paolino, Powers and Kelleher, JJ.

PAOLINO, J. This appeal presents the narrow question of whether the Town Council of the Town of New Shoreham complied with the requirements of G. L. 1956 (1968 Reenactment) chap. 2 of title 24, in declaring a certain private right-of-way in that town a public highway by user.

The cause is before us on defendants' appeal from a judgment of the Superior Court granting plaintiffs' motion for a summary judgment.

The following are the pertinent sections of the statute:

"24-2-1. *Creation of highway by user.*—All lands which have been or shall be quietly, peaceably and actually used and improved and considered as public highways for the space of twenty (20) years, and which shall be declared by the town council of the town wherein they lie to be public highways, shall be taken and considered as public highways to all

intents and purposes as fully and effectually as if the same had been regularly laid out, recorded and opened by the town council of the town where such lands may lie.

"24-2-2. Notice of intent to declare highway by user.—Every town council, before they proceed to act under the provisions of §24-2-1, shall give personal notice of their intention to all persons interested, or who may have any claim to the land over which such highway passes, as described in said section, if known to reside in this state, and if not known, or if known to reside without the state, then in the manner prescribed by §24-1-6.

"24-2-3. Appeal of declaration by user.—Every person aggrieved by such proceedings may appeal therefrom to the superior court.

"24-2-4. Platting of highway by user.—In declaring lands which have been quietly, peaceably and actually used and improved and considered as public highways and streets for the space of twenty (20) years, to be public highways as aforesaid, the town council of the town in which such lands lie shall determine, mark out, plat, or cause to be marked out and platted, the lands, in width as well as length, by such use and improvement appropriated as public highways, and declared as such, and shall cause said plats to be recorded; but nothing herein contained shall be so construed as to affect the requirements or provisions of §24-2-3."

It appears from the records which have been filed in this court that on October 7, 1968, the town council voted to commence proceedings pursuant to §24-2-1 to declare and establish "* * * as a public highway * * * the Coast Guard Road * * * from the * * * West Side Road to the high water mark at the westerly shore of the New Harbor entrance."

A notice of the council's intention, with a map of the proposed highway attached thereto, was sent to some of the owners of property abutting on the right-of-way, and, in addition, notice by publication was given in accordance

with the provisions of §24-2-2. The notices stated that this matter would be considered at a special meeting of the council to be held on November 8, 1968.

The plaintiffs are certain property owners whose property is adjacent to or near the right-of-way involved in these proceedings. They were present at the November 8, 1968 council meeting, either in person or by counsel.

At the November 8, 1968 meeting the council, after some discussion, adopted the following motion.

"Moved to declare this, namely the Road from West Side Road to the westerly shore of the New Harbor entrance, a Public Road, according to the General Laws of Rhode Island 1956, Title 24, Chapter 2, and this Road to be Called the Coast Guard Road, as a Public Highway as laid out on Map attached to Notice; with the understanding that a Committee would meet with Mr. Conant and Mr. Bonnell at a later date as to the terminus at the breachway."

On December 7, 1968, another drawing was recorded in the land evidence records of the town. This one differs from the drawing attached to the notice and referred to in the motion adopted by the council in that the proposed location of the terminus near the westerly shore of the entrance to New Harbor is not the same as the terminus location indicated on the previous map attached to the notice.

Thereafter plaintiffs filed an appeal to the Superior Court pursuant to the provisions of §24-2-3. A justice of that court, after a hearing, granted plaintiffs' motion for summary judgment and vacated the council's action. We do not have the benefit of a transcript of the hearing on that motion,[1] but the findings of fact which are included in the

---

[1] The failure of defendants to file a transcript of the testimony in the Superior Court is not an issue in this appeal. However, we have no hesitancy in saying that such a transcript would have been helpful to the court.

judgment show that the trial justice based his decision on the ground that the council did not comply with the procedural requirements of the statute in declaring the roadway in question a public highway. Those findings are supported by the record, and since, in our judgment, compliance with the procedural requirements of the statute is mandatory, we affirm the judgment entered in the Superior Court.[2]

Aside from the variance in the drawings, in violation of §§24-2-2 and 24-2-4, the record indicates several other instances of noncompliance with the statutory requirements.

There is nothing here showing that any markers or stakes were placed in the ground to delineate and mark out the width and length of the roadway as required by §24-2-4.

Section 24-2-1 empowers the council, not individual property owners, to create and declare public highways by user. There is no language in either §24-2-1 or §24-2-4 which can reasonably be construed to authorize the council to condition its declaration of user with "* * * the understanding that a Committee would meet with Mr. Conant and Mr. Bonnell at a later date as to the terminus at the breachway." In so providing the council exceeded its power.

Section 24-2-4 mandates the recordation of the plat considered by the council, not one agreed upon by "a Committee" and adjoining or interested property owners. The map which was recorded on December 7, 1968, was not the map which was attached to the notice and considered by the council at the November 8, 1968 meeting. As we have previously stated, the proposed location of the terminus at the breachway on the recorded map differs from the location indicated on the map attached to the notice and considered

---

[2]The only question we decide now is that the action of the council on November 8, 1968, is void for noncompliance with the procedural requirements of the statute. This does not preclude the council from initiating a new proceeding in compliance with the statute.

at the council meeting. Here, again, the council exceeded its authority.

As the court said many years ago in *Simmons* v. *City of Providence,* 12 R. I. 8, 9, when called upon to interpret a prior enactment of the instant statute:

"We think the true construction of the section is that the plat shall be a part of the declaration, or that the declaration shall be made in part by plat. It was not so in the case at bar; for though a plat, or what purports to be a plat, was subsequently recorded, it does not appear that the plat was ever made or even officially recognized by the board of aldermen, as a part of the declaration. We think, therefore, that the resolution, though it may not be absolutely void, is at least so defective that it was properly reversed on appeal."

Judgment affirmed.

ROBERTS, C. J., and JOSLIN, J., did not participate.

*Joachim A. Weissfeld, Edward J. Regan,* for plaintiffs.

*F. Albert Starr,* for defendants.