**ESTATE OF KONIGUNDA, alias
Kunegunda Szymkowicz**

v.

**TOWN OF COVENTRY.**

**No. 90–353–M.P.**

Supreme Court of Rhode Island.

April 8, 1992.

1. The record indicates that the roadway runs between Ferris Drive and East Shore Drive.

2. The petitioner raises the argument that since the notice indicated the council would consider a petition to "dedicate" as opposed to "declare" the roadway, it was ineffective. We recognize

Cecilia A. (Szymkowicz) Miga, pro se executrix.

Paul K. Sprague, Warwick, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari to review a resolution of the Coventry Town Council (council) declaring a portion of the real property of the estate of Konigunda (petitioner), a traveled roadway twelve feet in width (the roadway), to be a public highway.[1]

The relevant facts, drawn largely from the minutes of two council hearings, are as follows. On October 2, 1989, the Coventry Planning Commission (commission), responding to a developer's request, referred to the council the question of whether petitioner's roadway, as well as Ferris Drive and East Shore Drive, were public highways. The council caused legal notice of a hearing on these questions to be published in the Kent County Daily Times on October 27, November 3, and November 10, 1989. The notice, made pursuant to G.L.1956 (1989 Reenactment) § 24-2-2, indicated that on November 13, 1989, the council would consider a "petition to dedicate Ferris Drive and East Shore Drive as town roads" and that all interested parties should attend the hearing.[2]

On November 13, 1989, the council conducted a public hearing during which it took testimony and received documentary evidence on behalf of and in opposition to the declaration pursuant to § 24-2-1, which reads as follows:

"All lands which have been or shall be quietly, peaceably and actually used and improved and considered as public highways for the space of twenty (20) years, and which shall be declared by the town

that there is a distinction in meaning between the two words. Since, however, the proposed action was made clear at the hearing, we fail to see how this selection of terminology prejudiced petitioner.

council of the town wherein they lie to be public highways, shall be taken and considered as public highways to all intents and purposes as fully and effectually as if the lands had been regularly laid out, recorded and opened by the town council of the town where the lands may lie."

The attorney for the developer presented five witnesses, all of whom testified that they had used the roadways continuously for over twenty years, four of whom testified that they had never been denied access to the roadway, and three of whom testified that the town of Coventry had maintained the roadway for more than twenty years. Counsel for petitioner attended the hearing and informed the council that the estate had not received personal notice of the hearing. It is significant that petitioner's attorney also made substantive factual and legal arguments against the declaration. He not only presented documentary and testimonial evidence contending that, inter alia, no permission had ever been given to drive through petitioner's land but also presented the testimony of Cecilia Szymkowicz Miga, executrix of the estate, who testified that many times after 1979 people using the roadway were informed that it was a private road; that a passageway to the road had been obstructed; and that her father had wanted the road named after him and that he erected a sign reading "A. Szymkowicz Road."

The November 13 hearing ended without a determination on the roadway's status. The council decided to continue the hearing until a description of the roadway could be obtained. At a March 12, 1990 meeting the council received a certified legal description of the property and voted unanimously to declare the estate's roadway a public highway of the town of Coventry. The petitioner then filed an action in the Superior Court, seeking to enjoin the town of Coventry from implementing the declaration. The town moved to dismiss the action on the ground that the estate had failed to comply with the provisions of G.L.1956 (1988 Reenactment) §§ 45–5–16 and 45–5–17. Section 24–2–3 provides for an appeal

from a decision of a town council to the Superior Court. That appeal must be taken within the times limited by §§ 45–5–16 and 45–5–17. Since petitioner brought a wholly separate action that did not come within the procedural framework authorized by the Legislature, a judgment of dismissal was entered. The estate sought review in this court on what purported to be "a bill of exception." On May 21, 1991, a three-member panel of this court decided to treat the appeal as a petition for common-law certiorari,[3] and we therefore review the actions of the town council rather than those of the Superior Court.

The petitioner asserts that the council's action is invalid because it failed to comply with the procedural requirements of §§ 24–2–2 and 24–2–4. It should be noted that petitioner does not challenge the substantive findings of the council under § 24–2–1.

■ The petitioner first contends that the council's declaration is void because it failed to provide petitioner with personal notice pursuant to § 24–2–2, which reads as follows:

"Every town council, before they proceed to act under the provisions of § 24–2–1, shall give personal notice of their intention to all persons interested, or who may have any claim to the land over which a highway passes as described in § 24–2–1, if known to reside in this state, * * * then in the manner prescribed by § 24–1–6."

Since notice is a jurisdictional prerequisite, we believe the gravamen of petitioner's argument is that the council was without jurisdiction to proceed against the roadway. Although it is undisputed that the council failed to comply with § 24–2–2, it is our view that petitioner waived its right to object to the lack of notice by appearing and opposing the declaration on the merits at the November 13, 1989 hearing. Thus actual notice of the hearing was established.

We see no principled distinction between the tribunal here, a town council sitting as a fact-finding body, and other tribunals in

---

**3.** Central to our decision to treat the appeal as a petition for common law certiorari was the fact

that the estate was then represented by an executrix who was not an attorney.

which we have held that a party's general appearance has the effect of submitting that party to the jurisdiction of the tribunal for all purposes.[4] See *Industrial Trust Co. v. Rabinowitz,* 65 R.I. 20, 13 A.2d 259 (1940) (judicial tribunals), and *Hirsch v. Zoning Board of Review of the City of Pawtucket,* 56 R.I. 463, 187 A. 844 (1936) (zoning boards of review). *See generally Mack Construction Co. v. Quonset Real Estate Corp.,* 84 R.I. 190, 122 A.2d 163 (1956), In *Hirsch,* we held that attendance at a zoning board hearing by a property owner who was entitled to notice constituted a waiver since the objective of the notice requirement was to give property owners an opportunity to be heard. A thorough review of the record reveals that petitioner not only had ample opportunity to oppose the declaration but also can show no prejudice from the lack of personal notice. *See Perrier v. Board of Appeals of Pawtucket,* 86 R.I. 138, 134 A.2d 141 (1957).

■ The petitioner next contends that the council exceeded its authority under § 24–2–4 by permitting a private party (attorney for the developer) to submit to the council a certified legal description of the roadway. With this contention we disagree. Section § 24–2–4 reads as follows:

"In declaring lands which have been quietly, peaceably and actually used and improved and considered as public highways and streets for the space of twenty (20) years, to be public highways as aforesaid, the town council of the town in which the lands shall lie shall determine, mark out, plat, or cause to be marked out and platted, the land, in width as well as length, by use and improvement appropriated as public highways, and declared as such, and shall cause the plats to be recorded; but nothing herein shall be so construed as to affect the requirements or provisions of § 24–2–3."

We conclude that the council, by accepting a certified legal description that delineates the metes and bounds of the roadway, did "determine * * * by width [and]

length" the public highway within the plain meaning of § 24–2–4. Moreover, the plain meaning of the words "cause to be marked out" clearly contemplate that a town council may receive property descriptions from third parties.

In a related argument, petitioner asserts that the council's actions contravened our decision in *Conant v. Mott,* 107 R.I. 637, 269 A.2d 790 (1970), when it received evidence on the declaration prior to possessing a legal description of the roadway. In *Conant,* we held that a town council exceeded its authority under § 24–2–1 when it conditioned its declaration of use with "the understanding that a Committee would meet with [private individuals] at a later date as to the terminus at the breachway." *Id.* at 639, 269 A.2d at 792. In the instant case, however, the council made no conditional declarations at the November 13, 1989 meeting; the vote was not taken until March 12, 1990, after the legal description had been received.

Finally, the petitioner contends that the council's declaration was invalid because a private party, the developer, commenced the proceedings in violation of § 24–2–1. Although we agree that § 24–2–1 empowers town councils, not individual property owners, to create and to declare public highways, *see Conant,* 107 R.I. at 640, 269 A.2d at 792, the record clearly indicates that it was the council that initiated the proceedings at the recommendation of the commission.

For the foregoing reasons the petition for certiorari is denied. The writ heretofore issued is quashed, and the action of the Coventry Town Council is affirmed. The papers in the case may be remanded to the council with our decision endorsed thereon.

SHEA, J., did not participate.

---

**4.** Although the record reflects that petitioner's attorney commenced his argument before the council by objecting to the lack of personal notice to the estate, his failure to limit his appearance to a jurisdictional attack requires that we deem his appearance to be general. *Industrial Trust Co. v. Rabinowitz,* 65 R.I. 20, 22, 13 A.2d 259, 260 (1940).