[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The dozen or more plaintiffs here appeal under R.I.G.L. 1956 § 45-24-20 as amended from a decision of the Jamestown Zoning Board of Review which granted the town's application for a special exception to construct a recreation field in a residential zone, RR-80. Plaintiffs Goldberg averred, inter alia, that their property is within 300 feet of the subject parcel, was not on the Abutters List, and that they did not receive timely notice of the hearing held December 22, 1992. After the application for exception was filed, there were several continuances, and in the meantime, the town council amended the zoning ordinance so as to allow "recreational ball fields in certain residential zones by special exception only."
The certified record before the Court, with its Abutters List, fails to name plaintiffs Goldberg. By stipulation, the parties agree that the Goldberg property is within 300 feet of the subject parcel.
R.I.G.L. 1956 § 45-24-18 as amended mandates, on appeals to the Board of Review, public notice as well as due notice to the parties in interest.[1] Mello v. Board of Review of Newport,94 R.I. 43 at 49 holds that an application for a variance (here an exception) is an "appeal" within the meaning of the quoted statute. The case holds the notice provisions of the statute are jurisdictional.
The transcript of hearing March 23, 1993, at p. 42 establishes that "nobody showed up" for the hearing. Plaintiffs Goldberg, therefore, did not waive their right to proper notice by appearing and participating in the hearing. See Hirsch v.Zoning Board of Review, 56 R.I. 463.
Plaintiffs appeal should be and it hereby is sustained. The decision appealed from is reversed and the clerk will forthwith enter judgment for plaintiffs for costs.
[1] The Jamestown zoning ordinance, section 504(c) requires "due notice" to the owners of property within 300 feet of the involved parcel in RR-80 zones.